**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ALLEN ANDERSON** | § | |
| | § | |
| **V** | § | **CIVIL CASE NUMBERS:** |
| | § | |
| **ARTS JEWELERS AND** | § | **7:10-CV-00185** |
| **JUDY CHARLEY** | | |

**AND**

| | | |
|---|---|---|
| **ALLEN ANDERSON** | § | |
| | § | |
| **V** | § | |
| | § | |
| **WICHITA FALLS HOUSING** | § | **7:10-CV-00186** |
| **AUTHORITY,FAITH CARRIZALES,** | § | |
| **SHANE SOVENSON, PAMELA** | § | |
| **YBARRA** | § | |

---

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***
**CONSOLIDATING ACTIONS AND MAKING RECOMMENDATIONS**

On November 29, 2010, Plaintiff Allen Lee Anderson, acting *pro se*, filed these two lawsuits

seeking leave to proceed *in forma pauperis*. By orders of December 1, 2010, each of these actions

were referred to the undersigned for pretrial management (Docket Nos. 3). Having reviewed the

complaints with the attachments in each action, I have concluded that the actions arise out of a single

set of operative facts involving a common questions of fact and law thus warranting consolidation

of the actions pursuant to Rule 42 (a) (2).

It is ORDERED that leave to proceed *in forma pauperis* is hereby GRANTED.

It is further ORDERED that these actions be, and the same are hereby, consolidated for all

1

purposes and shall be carried forward under Docket No. 7:10-CV-185.

## Court Review of Complaints

Since these actions were filed pursuant to Plaintiff's request to proceed *in forma pauperis*, Plaintiff's complaints are subject to review under §1915 (e) (2) and to dismissal under Subsection (B) if the court determines that the actions are frivolous or fail to state a claim on which relief may be granted. The district court is authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus*., 941 F. 2d 374, 379 (5th Cir. 1991). In making a §1915 (e) (2) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985).

The complaints in each of these cases a mere jumble of incoherent words and nonsensical phrases, with misspellings, and wholly without structure . The complaints are incomprehensible and wholly fail to state a cause of action.

Accordingly, I recommend that the District Court enter an order dismissing these cases *without prejudice* to the Plaintiff filing within thirty (30) days a Motion to Reopen accompanied by an amended complaint that adequately articulates a cause of action cognizable by this Court.

After the thirty (30)days, Plaintiff will be required to file a new suit.

It is so Found and Recommended, this 2nd day of December, 2010.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).